IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

FILED
U.S. DISTRICT COURT
BRUNSWICK DIV.
2013 JAN 29 A 11: 41
CLERK_____
SO. DIST. OF GA.

DERRON JACKSON,

    Plaintiff,

v.  :  CIVIL ACTION NO.: CV612-120

Officer BAMBERG; LARRY BRUTON;
Sgt. Lt. MOBLEY; and Major JACKSON,

    Defendants.

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, who is incarcerated at Georgia State Prison in Reidsville, Georgia, filed an action under 42 U.S.C. § 1983. A prisoner proceeding in a civil action against officers or employees of government entities must comply with the mandates of the Prison Litigation Reform Act, 28 U.S.C. §§ 1915 & 1915A. In determining compliance, the court shall be guided by the longstanding principle that *pro se* pleadings are entitled to liberal construction. Haines v. Kerner, 404 U.S. 519, 520 (1972); Walker v. Dugger, 860 F.2d 1010, 1011 (11th Cir. 1988).

28 U.S.C. § 1915A requires a district court to screen the complaint for cognizable claims before or as soon as possible after docketing. The court must dismiss the complaint or any portion of the complaint that is frivolous, malicious, fails to state a claim upon which relief may granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1) and (2).

In <u>Mitchell v. Farcass</u>, 112 F.3d 1483, 1490 (11th Cir. 1997), the Eleventh Circuit interpreted the language contained in § 1915(e)(2)(B)(ii), which is nearly identical to that contained in the screening provisions at § 1915A(b). As the language of § 1915(e)(2)(B)(ii) closely tracks the language of Federal Rule of Civil Procedure 12(b)(6), the court held that the same standards for determining whether to dismiss for failure to state a claim under Rule 12(b)(6) should be applied to prisoner complaints filed pursuant to § 1915(e)(2)(B)(ii). <u>Mitchell</u>, 112 F.3d at 1490. While the court in <u>Mitchell</u> interpreted § 1915(e), its interpretation guides this court in applying the identical language of § 1915A.

Plaintiff asserts that he was having severe chest and neck pain and was unable to move. Plaintiff contends that he was not able to scream for help, and he could not summon officers for help because there are no call buttons inside of the cells. Plaintiff asserts that he finally gained enough strength to kick his cell door, and Defendant Bamberg appeared at least one (1) hour later. Plaintiff also asserts that, once Defendant Bamberg arrived, he (Plaintiff) went to medical and then was taken to a local hospital.

The Eighth Amendment's proscription against cruel and unusual punishment imposes a constitutional duty upon prison officials to take reasonable measures to guarantee the safety of prison inmates. This duty to safeguard also embodies the principle expressed by the Court in <u>Estelle v. Gamble</u>, 429 U.S. 97, 104 (1976), forbidding prison officials from demonstrating deliberate indifference to the serious medical needs of inmates. <u>Farmer v. Brennan</u>, 511 U.S. 825, 832 (1994). In instances where a deliberate indifference claim turns on a delay in treatment rather than the type

AO 72A
(Rev. 8/82)

of medical care received, the factors considered are: "(1) the seriousness of the medical need; (2) whether the delay worsened the medical condition; and (3) the reason for the delay." Id. Plaintiff does not set forth any facts which reveal that he was harmed in any way due to Defendant Bamberg's perceived delay (of at least an hour) in obtaining medical attention for Plaintiff. Actually, the facts Plaintiff alleges show that, once Defendant Bamberg became aware of Plaintiff's need for medical attention, he immediately obtained it for Plaintiff. Plaintiff's deliberate indifference claim against Defendant Bamberg should be dismissed.

Plaintiff also lists Larry Bruton, Lt. Mobley, and Major Jackson as additional Defendants. (Doc. No. 1, p. 4). However, Plaintiff makes no factual allegations against any of these individuals. A plaintiff must set forth "a short and plain statement of the claim showing that [he] is entitled to relief." FED. R. CIV. P. 8(a)(2). As Plaintiff fails to meet this basic showing, any putative claims against Defendants Bruton, Mobley, and Jackson should be dismissed.

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that Plaintiff's Complaint be **DISMISSED** based on his failure to state a claim upon which relief may be granted.

SO REPORTED and RECOMMENDED, this 29th day of January, 2013.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev. 8/82)